# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 8, 2021

Lyle W. Cayce
Clerk

No. 20-61066
Summary Calendar

Kennedy Teboh Mbah,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 600 851

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Kennedy Teboh Mbah, a native and citizen of Cameroon, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He challenges the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61066

BIA's decision that he lacked credibility and argues that he demonstrated that he is entitled to asylum, withholding of removal, and protection under the CAT. He has also filed a motion for the appointment of counsel.

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings, including an adverse credibility determination, are reviewed for substantial evidence. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020).

Despite Mbah's assertions to the contrary, the immigration judge's adverse credibility determination was supported by specific reasons based on the evidence presented and was, under the totality of the circumstances, substantially reasonable. *See Singh*, 880 F.3d 225-26. Because the adverse credibility determination was supported by "specific and cogent reasons," the record does not compel a finding that Mbah was credible or that no reasonable factfinder could have made an adverse credibility finding. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Accordingly, the lack of credible evidence precluded Mbah from meeting his burden of proof for asylum and withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658 (5th Cir. 2012).

To establish entitlement to relief under the CAT, an alien must prove that it is more likely than not that he will be tortured with the consent or acquiescence of public officials if he returns to the particular country in question. 8 C.F.R. §§ 1208.16(c)(2) and 1208.18(a)(1). Because Mbah has failed to identify any "independent, non-testimonial evidence going to the likelihood of torture," his lack of credible testimony precludes him from meeting his burden for protection under the CAT. See *Arulnanthy v. Garland*, No. 19-60760,____ F.4th ____, 2021 WL 5174379, at *7 (5th Cir. Nov. 8, 2021).

No. 20-61066

Based upon the foregoing, the petition for review is DENIED and the motion for the appointment of counsel is DENIED.